# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DANNY WESTON, *et al.*, *individually and on behalf of all others similarly situated*,

    Plaintiffs,

v.

SUBARU OF AMERICA, INC., *et al.*,

    Defendants.

No. 1:20-cv-05876

**OPINION**

**<u>APPEARANCES</u>**:

Russell D. Paul
Amey J. Park
Abigail J. Gertner
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Tarek H. Zohdy
Cody R. Padgett
Laura E. Goolsby
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067

Greg F. Coleman
Jonathan B. Cohen
MILBERG COLEMAN BRYSON
    PHILLIPS GROSSMAN, PLLC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102

*On behalf of Plaintiffs and the Proposed Classes.*

Neal Walters
Trevor Taniguchi
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015

*On behalf of Defendants.*

**O'HEARN, District Judge.**

## INTRODUCTION

This matter comes before the Court on Defendant Subaru Corporation's ("SBR" and collectively with Defendant Subaru of America ("SOA"), "Defendants") Motion for a More Definite Statement or to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint. (ECF No. 100). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, SBR's Motion for a More Definite Statement is **DENIED**, and its Motion to Dismiss is **GRANTED IN PART**, **DENIED IN PART AS MOOT**, and otherwise **DENIED**.

**I.    BACKGROUND**

Because on a motion to dismiss under Rule 12(b)(6) the Court must take all factual allegations as true and view them in the light most favorable to the plaintiff, *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005), the Court draws the following recitation of the facts from Plaintiffs' Brief in Opposition, (ECF No. 107), which itself draws directly from the Amended Consolidated Class Action Complaint ("ACCAC"), (ECF No. 73). Because the facts are familiar to the parties, this recitation is a summary, and is not comprehensive.

2

**A. Parties**

Plaintiffs are fourteen consumers[1] from multiple states—California, Colorado, Connecticut, Massachusetts, New Jersey, New York, North Carolina, Ohio, and Virginia—who each purchased a "Class Vehicle" designed, manufactured, and distributed by Defendants: a 2012–20 Subaru Forester, a 2015–20 Subaru Legacy, or a 2015–20 Subaru Outback. (ACCAC, ECF No. 73, ¶¶ 20–115, 169–76). These consumers now seek to represent subclasses of purchasers in each of these states and a nationwide class. (¶¶ 169–76). All Plaintiffs purchased or leased their Class Vehicles primarily for personal, family, or household use from an authorized Subaru dealership. (¶¶ 20–115). They allege that Defendants—either themselves or through their agents—represented to Plaintiffs and other Class Members that the Class Vehicles were safe and reliable, and touted the safety features of the Class Vehicles in commercials, online (including their website), their sales brochures and other written materials, the "Monroney"[2] or window stickers, and through their authorized dealer representatives. (¶¶ 20–135). Each named Plaintiff valued safety and reliability as important factors in their Vehicle purchase decision. (¶¶ 20–115).

Plaintiffs allege that Defendants SBR and SOA—automobile designers, manufacturers, and distributors that are headquartered and principally do business in Tokyo, Japan, and Camden, New Jersey, respectively—have common management; specifically, they allege SBR corporate officers direct Defendants' sales, marketing, and distribution efforts in the United States. (¶¶ 116–17, 120–21). Plaintiffs allege that SBR is responsible for the design and manufacturing of the Class Vehicles and, along with SOA, is jointly responsible for their distribution, marketing, sales and

---

[1] On December 8, 2021, the parties stipulated the dismissal of a fifteenth plaintiff, Sushma Narula, and therefore the proposed Pennsylvania Class. (ECF No. 113).

[2] Monroney stickers are labels that all automobile manufacturers, such as Defendants, must affix to new vehicles under the Automobile Information Disclosure Act of 1958, 15 U.S.C. § 1231 *et seq.*

3

service. (¶¶ 116–118). Together, Defendants direct and control the sales and marketing of Class Vehicles, including exercising control over authorized dealerships. (¶ 119). Defendants both develop, disseminate, and are responsible for the owners' manuals, warranty booklets, maintenance schedules, advertising, such as vehicle brochures, and other promotional materials relating to Class Vehicles through the dealership network. (¶ 120).

### B. The Defect

Plaintiffs allege that the Class Vehicles share the same brake mechanism and related componentry. (¶ 10). Specifically, they allege that all Class Vehicles contain:

- defects in their integrated mechanical and electronic devices that transfer signals between components or networks, (¶ 4);
- defects in algorithms programmed to process real-time data, (¶ 4);
- defective circuit boards that cause the Vehicles' throttle position sensors, throttle body assemblies, powertrain control modules, and/or hydraulic brake systems to malfunction, (¶5); and/or
- defective brake override systems, (¶ 6).

Plaintiffs allege that these defects manifest in or fail to prevent sudden acceleration without driver input, which can occur without warning, posing a safety hazard that has resulted in collisions or near-collisions. (¶ 3).

### C. Defendants' Alleged Knowledge, Misrepresentations, and Omissions

Plaintiffs allege that Defendants knew of the above-described defects since at least 2011 but failed to disclose them to purchasers and lessees of the Class Vehicles. (¶¶ 13–149). Plaintiffs allege that this knowledge is demonstrable through both pre-production and post-collision testing, as well as other sources. (¶¶ 139–149). According to Plaintiffs, Defendants deliberately concealed information about these defects, including by instructing dealers to tell consumers that their Vehicles are "operating normally" or that "no issues could be found" in response to complaints regarding the Defect. (¶¶ 15–163). Plaintiffs claim that Defendants also refused to disclose

4

inspection results after the defects manifested. (*E.g.*, ¶¶ 55, 79).

Plaintiffs allege that the defects threaten the safety of drivers and occupants of the Class Vehicles, as well as other drivers and pedestrians sharing the roads, (¶¶ 8, 136–138), and that Defendants had superior and exclusive knowledge of the defects. (¶¶ 139–149). Through their marketing and other materials, Plaintiffs allege that Defendants represented that the Class Vehicles are safe and reliable when, in fact, they possessed information that this was not true due to the defects. (¶¶132-135, 150). Defendants did not, but could have, disclosed the defects by, among other avenues, disseminating information regarding the defects to their authorized dealerships and repair entities or in their marketing materials, which would have informed Plaintiffs and the Class Members of the Defect. (¶¶ 24, 32, 44, 53, 61, 70, 77, 86, 94, 103). Defendants instead, Plaintiffs allege, intentionally failed to disclose the defects to Plaintiffs and other Class Members. (¶¶ 150–63).

## II.  PROCEDURAL HISTORY

Based on the foregoing, on May 13, 2020, Plaintiffs filed this action against Defendants on behalf of themselves and the proposed class and sub-classes, asserting a number of claims related to Defendants' alleged breach of express and implied warranties, their alleged violation of a number of states' consumer protection laws, common-law fraud, and unjust enrichment. (Compl., ECF No. 1). SOA responded with a Motion to Dismiss on August 3, 2020, (ECF No. 13), which prompted Plaintiffs' amendment of the Complaint on August 24, 2020, (ECF No. 17). Again, SOA moved to dismiss, but this Motion was stricken for failing to abide by the then-presiding judge's judicial preferences and procedures, and for being overlength. (ECF Nos. 40–41). After SOA sought leave to file another Motion to Dismiss as that prior judge requires and a pre-motion conference, Plaintiffs again amended their Complaint on November 24, 2020. (ECF No. 50).

In December 2020, a separate action filed in the U.S. District Court for the Southern District of California asserting similar claims was transferred to this Court, and on the consent of the parties was consolidated with this action. (ECF Nos. 57, 59). Plaintiffs filed a Consolidated Class Action Complaint on January 11, 2021. (ECF No. 58).

On April 12, 2021, on the parties' consent, the Court granted leave to file an Amended Consolidated Class Action Complaint, (ECF No. 72), which was filed the same day, (ECF No. 73). The ACCAC comprises fourteen[3] counts—

- **Count I:** Breach of Express Warranty (on behalf of the Colorado, California, New York, Ohio, and Virginia Classes against SOA)
- **Count II:** Breach of Express Warranty (on behalf of the California Extended Warranty Class against SOA)
- **Count III:** Breach of the Implied Warranty of Merchantability (on behalf of the Colorado, California Extended Warranty, New York, North Carolina, Ohio, and Virginia Classes against All Defendants)
- **Count IV:** Violation of the California's Consumers Legal Remedies Act, CAL. CIV. CODE § 1750 *et seq.* (on behalf of the California Consumer Sub-Class Against All Defendants)
- **Count V:** Violation of the California Business & Professions Code, CAL. CIV. CODE § 17200 *et seq.* (on behalf of the California Class Against All Defendants)
- **Count VI:** Violation of Warranties Pursuant to the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), CAL. CIV. CODE §§ 1792 and 1791.1 *et seq.* (on behalf of the California Consumer Sub-Class against All Defendants)
- **Count VII:** Violation of the Connecticut Unlawful Trade Practices Act ("CUPTA"), CONN. GEN. STAT. § 42-110a *et seq.* (on behalf of the Connecticut Class against All Defendants)
- **Count VIII:** Violation of the Massachusetts Consumer Protection Law ("MCPL"), MASS. GEN. LAWS Ch. 93a (on behalf of the Massachusetts Class against All Defendants)
- **Count IX:** Violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. STAT. ANN. § 56:8-1 *et seq.* (on behalf of the New Jersey Class against All Defendants)
- **Count X:** Violation of New York General Business Law § 349, N.Y. GEN. BUS. LAW

---

[3] As noted above, on December 8, 2021, the parties stipulated the dismissal of one of the Plaintiffs, Sushma Narula, and therefore the proposed Pennsylvania Class and Count XIII. (ECF No. 113).

- § 349 (on behalf of the New York Class against All Defendants)
- **Count XI:** Violation of the North Carolina Unfair and Deceptive Acts and Practices Act ("NCUDTPA"), 73 P.S. § 201-1 *et seq.* (on behalf of the North Carolina Class against All Defendants)
- **Count XII:** Violation of the Ohio Consumer Sales Practices Act, OHIO REV. CODE ANN. § 1345.01 *et seq.* (on behalf of the Ohio Class against All Defendants)
- **Count XIV:** Violation of the Virginia Consumer Protection Act, VA. CODE ANN. § 59.1-196 *et seq.* (on behalf of the Virginia Class against All Defendants)
- **Count XV:** Fraud by Omission or Fraudulent Concealment (on behalf of the Classes against All Defendants)

(ECF No. 73). SOA answered the ACCAC on May 26, 2021. (ECF No. 77).

SBR sought leave to file another Motion to Dismiss, (ECF No. 92), which the Court granted while denying the parties' request to file overlength briefs, (ECF No. 94). The present Motion for a More Definite Statement or to Dismiss pursuant to Federal Rules of Civil Procedure 12(e) and 12(b)(6) was then filed on October 4, 2021. (ECF No. 100). Plaintiffs filed their Response on November 4, 2021, (ECF No. 107), to which SBR replied on November 23, 2021, (ECF No. 112).

### III. LEGAL STANDARD

#### A. Rule 12(e)

Under Federal Rule of Civil Procedure 12(e), defendants may move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such a motion must be filed "before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). In the Third Circuit, a motion for a more definite statement is granted only when "the pleading is too vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 898 (D.N.J. 2020) (quoting *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736–37 (D.N.J. 2008)). But given the Federal Rules' liberal pleading

7

standards, these motions are generally disfavored, *id.*, and their resolution "is a matter committed largely to the discretion of the district court." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003). However, "[b]ecause there is potential that Rule 12(e) could require more specificity than that required by Rule 8(a)(2) and therefore be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity." *Powell*, 502 F. Supp. 3d at 898 (quoting *Gittens v. Experian Info. Sols., Inc.*, No. 13-05534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014)).

### B. Rule 12(b)(6)

To state a claim, a complaint needs only to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citations omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho*, 423 F.3d at 351. Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not

8

entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

## IV. DISCUSSION

SBR has moved for a more definite statement of the allegations included in Plaintiffs' ACCAC, (ECF No. 73), under Federal Rule of Civil Procedure 12(e), or alternatively, to dismiss it entirely under Rule 12(b)(6). (ECF No. 100). For the reasons that follow, SBR's Motion is denied to the extent it seeks a more definite statement, and is granted in part, denied in part as moot, and otherwise denied to the extent it seeks dismissal.

### A. Motion for a More Definite Statement

The Court in its discretion denies SBR's Motion to the extent it seeks a more definite statement. The Court does not find that Plaintiffs' 111-page pleading (excluding exhibits) is "so vague or ambiguous that Defendants cannot reasonably prepare a response." *Powell*, 502 F. Supp. 3d at 898. While the ACCAC may not be perfect, motions under Rule 12(e) are meant "to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012)

(quoting *Frazier v. SEPTA*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)). Moreover, the Court declines any invitation to impose a more rigorous pleading standard than that required by Federal Rule of Civil Procedure 8(a)(2): "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs have provided that here. They have alleged that the Class Vehicles share the same constitutive componentry, that the componentry was defective in the same way for all vehicles, and that the Defect gave rise to a number of legally cognizable claims. That is more than sufficient for SBR to respond. *See, e.g.*, *Milisits v. FCA US LLC*, No. 20-11578, 2021 WL 3145704, at *3 (E.D. Mich. July 26, 2021).[4]

For these same reasons, the Court also denies SBR's Motion to the extent it suggests that Plaintiffs have failed to meet Rule 8's plausibility standard. *See, e.g.*, *id.* (denying relief under Rule 8 where class action plaintiffs identified (i) the vehicle part they believed defective; (ii) the source of the Defect; and (iii) examples of how the Defect manifests, and collecting cases holding same).

As for SBR's argument under the heightened pleading standard for fraud claims under Rule 9(b),[5] the Court again finds that a more definite statement is not required. "Courts in this district have previously found that advertisements and representations made by a car manufacturers' sales and marketing departments can suffice to plead a fraudulent misrepresentation," *Powell*, 502 F. Supp. 3d at 888, as Plaintiffs have pleaded here, among other things, (*e.g.*, ACCAC, ECF No. 73, ¶¶ 132–35). And with respect to Plaintiffs' allegations of fraudulent omissions, Rule 9(b)'s pleading requirements are relaxed because, naturally, plaintiffs may not be "able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false

---

[4] The Court also notes that the parties have already spent nearly a year in discovery at this point, (ECF Nos. 81, 83, 119), seemingly belying any true need for a more definite statement.

[5] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

10

representation claim." *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, No. 17-13544, 2018 WL 4144683, at *10 (D.N.J. Aug. 29, 2018) (quoting *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007)). Here, Plaintiffs have sufficiently alleged the content of the omitted information and that SBR, before the time of sale of Plaintiffs' vehicles, failed to disclose it, allegedly affecting Plaintiffs' purchasing decisions. (*e.g.*, ACCAC, ECF No. 73, ¶¶ 150–57). That is sufficient at this stage. *DeFrank v. Samsung Elecs. Am., Inc.*, No. 19-21401, 2020 WL 6269277, at *6–7 (D.N.J. Oct. 26, 2020).

Finally, the Court notes that to the extent that SBR's Motion suggests that Plaintiffs have failed to demonstrate standing for at least part of the alleged class, these questions are more appropriately addressed at the Rule 23 certification stage, as the Third Circuit has instructed. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 368 (3d Cir. 2015). Accordingly, the Court will cross that metaphorical bridge if and when it arises.

For the foregoing reasons, SBR's Motion is denied to the extent it seeks a more definite statement under Rule 12(e).

### B. Motion to Dismiss

SBR has moved in the alternative for the Court to dismiss the ACCAC. However, because SBR dedicated so much of its briefing for this Motion seeking a more definite statement and, as discussed below, seeking dismissal of claims on grounds that are moot, the Court is presented with complex legal issues with, as to some arguments, no more than a paragraph of briefing.[6] Accordingly, for the reasons set forth below, SBR's Motion to Dismiss is denied in part as moot,

---

[6] The Court recognizes that SBR sought leave to file overlength briefs to support its Motion, which was previously denied. (ECF No. 94). While longer briefs may have helped somewhat here, the real problem seems to be—as the formerly-assigned district judge put it—the parties' inability to "pare down this case and avoid unnecessary overlitigation." (ECF No. 94).

and denied as to the balance, except where otherwise noted.

   1. Choice of Law

Before turning to the merits of SBR's Motion, the Court addresses briefly the law it must apply. Of course, federal courts sitting in diversity must apply the choice-of-law rules of their forum states. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). However, as this Court has recognized, "[b]ecause [New Jersey's choice-of-law] analysis is fact intensive, it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage when little or no discovery has taken place." *In re Samsung DLP Television Class Action Litig.*, No. 07-02141, 2009 WL 3584352, at *3 (D.N.J. Oct. 27, 2009). Regardless, as discussed below, it seems that the parties largely agree on which laws apply, as Plaintiffs suggest that they are raising claims on behalf of each of the Sub-Classes under the laws of those Sub-Classes' home states. (*See* Plas.' Br., ECF No. 107 at 20–21). For that reason, at least at this stage, the Court will apply the laws as briefed by the parties: the laws of the states of each respective Sub-Class applies those Sub-Classes' claims. To the extent some choice-of-law dispute remains, the Court defers that analysis until the class certification stage. *See, e.g.*, *Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486, 490–91 (D.N.J. 2009).

   2. Statutory and Common-Law Fraud Claims

SBR argues that Plaintiffs' statutory and common-law fraud claims should be dismissed on several different grounds. The Court will address each in turn.

*First*, SBR suggests that those Plaintiffs who are not residents of New Jersey cannot assert fraud claims under New Jersey law. As noted above, Plaintiffs appear to agree: they explain in their opposition papers that they only seek to raise claims under New Jersey law for the members of the New Jersey Sub-Class. (Plas.' Br., ECF No. 107 at 20–21). Accordingly, SBR's Motion to

Dismiss on this issue is moot.

*Second*, SBR argues that Plaintiffs' fraud claims must be dismissed because it had no duty to disclose any alleged defect to Plaintiffs. On this point, SBR's argument appears compelling on its face. As this Court has previously noted, "[n]ot all states recognize a duty to disclose based merely on superior knowledge in an arm's-length transaction at common law or for statutory fraud claims." *In re Subaru Battery Drain Prods. Liability Litig.*, 20-03095, 2021 WL 1207791, at *25 (D.N.J. Mar. 31, 2021). But two problems continue to complicate this issue. First, only New Jersey's laws on this issue are common to both the *Battery Drain* litigation and this one. Second, unlike the plaintiffs in *Battery Drain*, Plaintiffs allege both affirmative misrepresentations *and* fraudulent omissions, including as to New Jersey, a duty to disclose based on partial prior disclosures, *see Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993). So, while SBR may well be right that at least Plaintiffs' fraud claims must be dismissed for lack of an affirmative duty to disclose, the Court does not have adequate information to make that determination as to all Plaintiffs at this time. Accordingly, on this issue, SBR's Motion is denied.

*Third*, SBR seeks dismissal of the Connecticut Sub-Class's CUTPA claims as time-barred. Plaintiffs respond that while CUTPA has a three-year statute of limitations, that statute of limitations was tolled under the continuing-course-of-conduct doctrine, *see, e.g.*, *Fichera v. Mine Hill Corp.*, 541 A.2d 472, 474–76 (Conn. 1988), because of SBR's continued concealment of the alleged Defect. The Court's determination of this issue, however, is bound up with its answer to the precedent question of whether SBR bore any duty to disclose and the nature (or, perhaps, existence) of an ongoing relationship between the parties. Any determination as to whether the statute of limitations should be tolled is premature and necessarily requires discovery as to the relevant facts. *See Phelan ex rel. Estate of Phelan v. Daimler Chrysler Corp.*, 323 F. Supp. 2d 335,

13

342 (D. Conn. 2004) (finding a plaintiff's CUTPA claim time-barred at the summary judgment, rather than motion to dismiss, stage). Accordingly, SBR's Motion is denied as to this issue as well.

*Fourth*, SBR also seeks dismissal of the Massachusetts Sub-Class's MCPL claims as time-barred. Plaintiffs respond that the applicable statute of limitations was equitably tolled due to SBR's fraudulent concealment. As stated above, any determination as to whether the statute of limitations should be tolled is premature and necessarily requires discovery as to the relevant facts. *See Opheim v. Aktiengesellschaft*, No. 20-02483, 2021 WL 2621689, at *9 (D.N.J. June 25, 2021) (refusing to dismiss a plaintiff's MCPL claims as time-barred on the pleadings). The Court lacks sufficient facts at this juncture to determine whether that doctrine applies, and therefore denies SBR's Motion as to this issue as well.

*Fifth*, SBR seeks dismissal of the New York Sub-Class's claims under § 349 of the New York General Business Law because no alleged misconduct occurred in New York. But, as Plaintiffs correctly point out, Plaintiffs specifically allege that "Plaintiff Reh purchased her vehicle from 'an authorized Subaru dealer in Wantagh, New York.'" (Plas.' Br., ECF No. 107 at 26–27; ACCAC, ECF No. 73, ¶ 74, 77–81). That allegation would seem to be sufficient at this stage. *See Goshen v. Mut. Life. Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1196 (N.Y. 2002) ("Lastly, we note that our General Business Law analysis does not turn on the residency of the parties. As both the text of the statute and the history suggest, the intent is to protect consumers in their transactions that take place in New York State."). But having been asked to answer this question on a total of three paragraphs of briefing, the Court will deny SBR's Motion to Dismiss as to this issue as well.

*Sixth*, SBR argues that the economic loss doctrine bars Plaintiffs' tort claims—although it has withdrawn this argument with respect to the Connecticut, Ohio, and Massachusetts Sub-Classes, (SBR's Reply, ECF No. 112 at 15 n.6). Plaintiffs respond that their fraud claims are

14

excepted from that rule to the extent it applies. As with the duty-to-disclose issue discussed above, SBR raises this issue yet provides limited briefing. As this Court has acknowledged, "[New Jersey and California] recognize[] an exception to the economic loss rule for affirmative fraudulent misrepresentations, but decline[] to apply the exception to claims of fraudulent concealment or omission." *Battery Drain*, 2021 WL 1207791, at *29. Again, however, only New Jersey and California law are common between *Battery Drain* and this case on this issue, and Plaintiffs *have* alleged affirmative fraudulent misrepresentations. So, once more, lacking sufficient information and needing additional facts that can only be gleaned from discovery, the Court must deny SBR's Motion.

*Finally*, SBR argues that the North Carolina Sub-Class's NCUDTPA claims must be dismissed under the economic loss doctrine and the "separate and distinct" doctrine. As to the first, Plaintiffs respond that North Carolina courts have not decided whether the economic loss rule extends to NCUDTPA claims, and for that reason, federal courts—including another Court in this District, *see, e.g.*, *Powell*, 502 F. Supp. 3d at 892—have declined to make that extension. The Court refuses to do so absent clear direction from North Carolina courts.[7]

As to the separate and distinct doctrine, it appears that because Plaintiffs allege deceptive conduct on the part of SBR *prior* to the signing of any contract, the doctrine does not bar their claims here. *Powell*, 502 F. Supp. 3d at 890–91 (citing *Hancock v. Americo Fin. Life & Annuity Ins. Co.*, 799 F. App'x. 179, 181 (4th Cir. 2020)). For these reasons, SBR's Motion is denied as to these issues.

---

[7] SBR points to some cases suggesting that North Carolina, has in fact, adopted the rule, *see, e.g.*, *Robinson v. Gen. Motors LLC*, No. 20-00663, 2021 WL 3036353, at *12 (D. Del. July 19, 2021), but these cases provide little if any guidance as to whether the rule applies to cases involving allegations of affirmative fraudulent misrepresentations or fraudulent concealment.

In sum, on all of the bases on which it seeks dismissal of Plaintiffs' statutory and common-law fraud claims, SBR's Motion is denied as moot or otherwise denied.

3. Implied Warranty Claims and Lack of Privity

SBR argues that certain Plaintiffs' implied warranty claims must be dismissed under their applicable state laws because there is no privity of contract between SBR and those Plaintiffs. The Court will address the claims under the laws of each State—California, New York, North Carolina, and Ohio—in turn.

*California*. As to California law, SBR argues that the lack of contractual privity between SBR and the California Plaintiffs dooms their implied warranty claims. But Plaintiffs respond—and SBR does not rebut—that California displaced its privity rule by statute. *See* Song-Beverly Act, CAL. CIV. CODE § 1790 *et seq.* (West 2022); *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 946–47 (C.D. Cal. 2012) (collecting cases acknowledging that the Act dispensed with the privity requirement).[8] Absent some argument that that statutory rule does not control, the Court must deny SBR's Motion as to this issue.

*New York*. As to New York, SBR argues that the privity rule also prevents Plaintiffs' implied warranty claims. Plaintiffs respond that they can avoid the privity requirements by proceeding on a third-party beneficiary theory. But the very case they cite for this proposition, *Dixon v. Ford Motor Company*, granted a motion to dismiss where a plaintiff made nearly identical third-party beneficiary allegations. No. 14-06135, 2015 WL 6437612, at *6 (E.D.N.Y. Sept. 30,

---

[8] A case cited by SBR—*Roberts v. Electrolux Home Prods., Inc.*, No. 12–01644, 2013 WL 7753579 (C.D. Cal. Mar. 4, 2013)—even acknowledges that there is, at worst, a split of authority as to whether privity is required, but that there is "an exception to the privity requirement that applies when a plaintiff is the intended beneficiary of implied warranties in agreements linking a retailer and a manufacturer, and therefore lack of privity does not bar plaintiffs' implied warranty claims." *Id.* at *10.

16

2015). Accordingly, SBR's Motion is granted as to the New York implied warranty claims.

*North Carolina*. Plaintiffs seek to proceed on a third-party beneficiary basis under North Carolina law as well. Here, too, however, Plaintiffs' arguments are belied by the very cases they cite. *RPR & Associates v. O'Brien/Atkins Associates, P.A.*, 24 F. Supp. 2d 515 (M.D.N.C. 1998), expressly states that courts "must construe the contract strictly against the third party seeking to enforce the contract." *Id.* at 521. Therefore, the Court cannot simply presume that Plaintiffs were the intended beneficiaries of any contracts—which Plaintiffs have not even identified—between SBR and the retailer from which they purchased their vehicle. Accordingly, SBR's Motion is granted as to the implied warranty claims under North Carolina law.

*Ohio*. Finally, under Ohio law, SBR argues that Plaintiffs' implied warranty claims again cannot proceed for lack of privity. Plaintiffs respond that while privity is a requirement for implied warranty claims sounding in contract, there is no such requirement for claims sounding in tort. *See Mooradian v. FCA US, LLC*, No. 17-01132, 2017 WL 4869060, at *6 (N.D. Ohio Oct. 27, 2017). In doing so, Plaintiffs seem to tacitly acknowledge that they cannot pursue their claims in contract—namely the implied warranty of merchantability. *Id.* However, because they allege that (1) their vehicles' alleged Defect made them unfit for their ordinary intended use; (2) the Defect existed at the time the vehicles left SBR's possession; and (3) it was the proximate cause of Plaintiffs' injuries, (ACCAC, ECF No. 73, ¶¶ 218, 223), Plaintiffs argue that they have stated a claim in tort. *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 867 (S.D. Ohio 2012). Absent any argument from SBR as to why Plaintiffs cannot pursue their claims on this theory, the Motion is denied as to this issue.

Accordingly, SBR's Motion is granted to the extent it seeks dismissal of Plaintiffs' implied warranty claims under New York and North Carolina law. The Motion is denied as moot as to

Plaintiffs' Ohio law claims insofar as they were raised on a contract theory and denied in all other respects regarding Plaintiffs' implied warranty claims.

    4. Product Liability Act Preemption

Finally, SBR argues that certain of Plaintiffs' claims are subsumed by New Jersey and Connecticut's Product Liability Acts. N.J. STAT. ANN. 2A:58C-1 *et seq.*; CONN. GEN. STAT. § 52-572m *et seq*. Plaintiffs respond that these Acts only preempt claims seeking damages for harms caused by a product, *see, e.g.*, *Indian Brand Farms v. Novartis Crop Protection, Inc.*, 890 F. Supp. 2d 534, 539 (D.N.J. 2012); *Hurley v. Heart Physicians, P.C.*, 898 A.2d 777, 788–89 (Conn. 2006), and that because they are not seeking damages for personal injury, death or property damage, their claims are not preempted. (Pla.'s Br., ECF No. 107 at 34–36). Having disclaimed any intent to seek such damages, SBR's Motion as to this issue is denied as moot.

## CONCLUSION

For the foregoing reasons, SBR's Motion for a More Definite Statement is **DENIED**, and its Motion to Dismiss is **GRANTED IN PART**, **DENIED IN PART AS MOOT** and otherwise **DENIED**. Specifically, the Court **GRANTS** SBR's Motion to Dismiss with respect to Plaintiffs' implied warranty claims under New York and North Carolina law. The Court **DENIES AS MOOT** SBR's Motion to Dismiss as to Plaintiffs' claims under New Jersey law by those Plaintiffs who are not residents of New Jersey, as to Plaintiffs' implied warranty claims under Ohio law to the extent that they were raised under a contract theory, and as to any claims for damages for harms caused by a product under New Jersey or Connecticut law. The Court **DENIES** SBR's Motion to Dismiss with respect to all other issues.

                                                            */s/ Christine P. O'Hearn*
                                                             **CHRISTINE P. O'HEARN**
                                                             **United States District Judge**