[ECF No. 152]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| **DANNY WESTON et al.,** | |
| **Plaintiffs,** | |
| v. | **Civil No. 20-5876 (CPO/SAK)** |
| **SUBARU OF AMERICA, INC. et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration [ECF No. 152] filed by Defendants Subaru of America, Inc. and Subaru Corporation (collectively, "Defendants" or "Subaru"). Defendants seek an Order vacating, in part, the Court's August 25, 2022 Discovery Dispute Order [ECF No. 147] (hereinafter, the "DDO"). The Court received and considered Plaintiffs' opposition [ECF No. 161]. The Court exercises its discretion to decide Defendants' motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendants' motion is **DENIED**.

## I.    BACKGROUND

Plaintiffs brought this consumer class action asserting, *inter alia*, claims pursuant to various federal and state consumer protection laws. *See* Am. Compl. [ECF No. 73]. Specifically, Plaintiffs allege that Defendants manufactured, marketed, distributed, and sold certain 2012 to 2020 Subaru vehicles without disclosing that the vehicles contain one or more defects that cause sudden and unintended acceleration, hereinafter referred to as UA. *See* Am. Compl.  ¶¶ 1,2.

During the course of discovery, Defendants filed a discovery application asking the Court to (1) quash Plaintiffs' Rule 30(b)(6) Notice to Subaru; (2) direct Class Counsel to amend the 30(b)(6) deposition notice; and (3) direct Plaintiffs to answer Interrogatory No. 20, a contention interrogatory seeking, *inter alia*, the identification of the specific component part(s) or system(s) that Plaintiffs contend are defective. [1] [ECF No. 133].  In their deposition notice, Plaintiffs indicate they seek to examine Subaru's designee(s) on the alleged vehicle defect, defining "defect" as "the alleged design, manufacturing, material and/or workmanship defect(s) in the CLASS VEHICLES which cause sudden, unexpected acceleration without driver input or warning." *Id.* at 17. Defendants asserted that they were incapable of preparing their corporate designee(s) for deposition on the issue of the UA defect due to the purported vagueness of Plaintiffs' deposition notice and their responses to Interrogatory 20.  Prior to Defendants' initial discovery application, the parties met and conferred in an attempt to narrow the Rule 30(b)(6) Notice's definition of "defect."   Plaintiffs initially identified eleven systems that they contend were at issue, and ultimately refined the list to the following seven systems:

1.   Electronic Control Units (ECUs), which include but are not limited to the Engine Control Module or ECM, Transmission Control Module or TCM, and Advanced Driver Assistance System or ADAS.

2.   Accelerator Pedal Assembly and Accelerator Pedal Sensor

3.   Electrical System and electronic circuitry

---

[1] Specifically, Interrogatory No. 20 states: With regard to the general allegations alleged in paragraphs 3-6 of the Complaint that elements of the subject vehicle were defective, identify: (a) the precise nature of each allegedly defective condition; (b) each part of the subject vehicle which you contend was in a defective condition; (c) each aspect of the design in the subject vehicle, or its component parts, if any, which you contend created a defective condition; (d) all facts, documents, circumstances and reasons supporting your allegations as described above; and (e) the precise manner by which each allegedly defective condition caused or contributed to the incident and your damages. [ECF No. 133 at 74].

4.     EDR Data System and Airbag Controller

5.     Controller Area Network (CAN) System

6.     Brake Override System

7.     Electronic Throttle Control System.

*Id.* at 7.  In their initial discovery application, Defendants requested that Plaintiffs provide an early

answer to Interrogatory No. 20, suggesting that Plaintiffs' response would provide information

needed to prepare Subaru's Rule 30(b)(6) witness(es) for deposition.

Following a discovery dispute teleconference hearing on July 21, 2022, the Court ordered:

1.     To the extent possible, by August 1, 2021, Plaintiffs shall respond
to Defendants' July 30, 2021 contention interrogatories.  Plaintiffs
may supplement these responses up to sixty (60) days prior to the
close of fact discovery.

2.     Within seven (7) days of Defendants' receipt of Plaintiffs' responses
to the contention interrogatories, the parties shall meet and confer to
narrow the scope of the vehicle systems and component topic areas
for which Plaintiffs seek Rule 30(b)(6) testimony.

3.     By August 15, Plaintiffs shall serve amended 30(b)(6) deposition
notices on Defendants.

[ECF No. 140].  On August 8, 2022, Defendants filed another discovery application stating that

Plaintiffs' supplemental response to Interrogatory 20 was evasive and incomplete as no response

was provided to sub-parts (a), (d), and (e) [ECF No. 142].  They also sought to preclude the

depositions of individual fact witnesses associated with Subaru—John Gray and Greg Federer.  In

their August 12, 2022 response to Subaru's application, Plaintiffs stated they responded to

Interrogatory No. 20 "to the extent possible . . .  at this stage in the litigation." [ECF No. 143].

They stated that they consulted with their expert, Steven Louden, regarding the root cause and

systems involved in the alleged defect.  They stated they disclosed this information to Subaru

without describing work product information.  They further stated that following discovery and

3

the receipt of expert analysis of this discovery, they will be able to refine their description of the Defect's root cause. Plaintiffs' opposition was accompanied by a declaration from Loudon, who stated that he worked with Plaintiffs' counsel to identify vehicle systems and components implicated by the UA defect for purposes of further narrowing the scope of discovery. Loudon further stated that the identified systems were already narrowed to the extent possible, and that excluding any of the vehicle systems he previously identified will inevitably exclude relevant evidence that is necessary to understand the UA defect. As such, Loudon concluded that the vehicle systems cannot be narrowed further at this stage. [ECF 143-1].

Plaintiffs further stated that after supplementing their discovery responses, they twice requested to meet and confer with Defendants pursuant to the July 21, 2022 Order. [ECF No. 143]. They stated Defendants refused both requests, and chose instead to file a discovery application.

Defendants rejected Plaintiffs' assertion that they complied with the discovery order "to the extent possible." Defendants asserted that if Plaintiffs truly responded to the full extent of their ability, they lacked a good faith basis to file this suit in the first place. Following a discovery dispute teleconference hearing on August 24, 2022, the Court granted Plaintiffs' application to compel the depositions of individual fact witnesses, Gray and Federer, *see* DDO ¶ 7 [ECF No. 147]; denied Defendants' application to compel further responses by Plaintiffs to Defendants' Interrogatory No. 20, *see id.* ¶ 8[2]; and overruled Defendants' objection to Plaintiffs' Rule 30(b)(6) deposition of Defendants' corporate designee(s), *see id.* ¶ 9. Defendants now seek reconsideration of these three discreet rulings.

---

[2] The Court specifically ruled that "Defendants' application to compel further response by Plaintiffs to Interrogatory No. 20 is DENIED at this time. The information sought by Defendants can be requested *via* contention interrogatories served in accordance with L. CIV. R. 33.1(d)." [ECF No. 147].

## II.    <u>DISCUSSION</u>

### A.    Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are provided for and governed by Local Civil Rule 7.1(i).  *See Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015).  Local Civil Rule 7.1(i) requires that a party "[set] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i).  It is well established that a motion for reconsideration is an "extremely limited procedural vehicle." *Tehan v. Disability Mgmt. Servs., Inc.,* 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  As such, a court will not grant a motion "where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision." *Id.*; *see, e.g., Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."); *see also A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.,* 106 F.Supp.2d 627, 662 (D.N.J. 2000) (internal citations and quotations omitted) ("The extraordinary remedy of reconsideration, pursuant to . . . Local Civil Rule 7.1, is to be granted sparingly.").  "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

In a motion for reconsideration, the movant bears the burden of establishing either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent a manifest injustice. *See Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999).  For a decision to be clearly erroneous, the court must have a "definite and firm conviction that a mistake

has been committed." *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 92 (3d Cir. 1992) (citation omitted).  Further, a manifest injustice is "an error in the trial court that is direct, obvious, and observable." *Antonio-Villalba v. Hollingsworth*, Nos. 12-7779, 12-7836, 2013 WL 5592367, at *2 (D.N.J. Oct. 13, 2013) (citation omitted).

### B.    Analysis

Defendants argue that Paragraphs 7, 8, and 9 of the August 25, 2022 Order should be vacated in order to correct a clear error of law or prevent a manifest injustice.  For the reasons that follow, the Court will deny Subaru's motion in its entirety.  The Court will address Subaru's arguments in turn.

### 1.    Paragraphs 8 and 9 (Interrogatory No. 20 and Rule 30(b)(6) Depositions)

The parties appear to agree that Interrogatory No. 20 and the Rule 30(b)(6) deposition notice are interrelated to the extent the interrogatory seeks information on the nature of the vehicle part(s) and system(s) that are allegedly defective, while the deposition notice similarly describes examination topics related to these alleged defects.  Defendants argue that Paragraph 9 of the August 25, 2022 Order constitutes clear error because it overlooks the enforcement of the July 21, 2022 Order.[3]  Defs.' Br. at 10 [ECF No. 152].  Pursuant to the July 21, 2022 Order, Plaintiffs were directed to answer contention interrogatories "to the extent possible."  Because of the interrelationship between the response to Interrogatory No. 20 and Plaintiffs' Rule 30(b)(6) deposition notice,  Paragraph 8 of the Order also required Plaintiffs to amend their Rule 30(b)(6) deposition notices after responding to the contention interrogatories and engaging in a meet and confer with Defendants.  In response to the July 21, 2022 Order, Plaintiffs' supplemental

---

[3] Defendants contend that while the July 21, 2022 Order is consistent with the particularity requirements of Rule 30(b)(6), the August 25, 2022 Order is inconsistent with these requirements, and should therefore be vacated.

interrogatory response stated that at this stage of discovery, they are unable to further narrow the list of vehicle systems and components implicated by the UA defect.  They relied on their expert's declaration, stating  that excluding any of the vehicle systems previously identified will inevitably exclude relevant evidence that is necessary to understand the UA defect.

In issuing its August 25, 2005 Order, the Court did not overlook its directives pursuant to the July 21, 2022 Order.  Rather, the Court accepted Plaintiffs' response that given the stage of discovery, they were unable to further narrow the list of vehicle part(s) and system(s) that are allegedly defective. The July 21, 2022 Order permitted Plaintiffs to respond to contention interrogatories "to the extent possible" in recognition of the litigation reality that responses to contention interrogatories are most practically served at the end stage of fact discovery. *See U.S. v. Bayer Corp*., No. 05-3895, 2020 WL 13189534 at *3 (D.N.J. Apr. 16, 2020) ("responses to contention interrogatories will do more to advance litigation when the parties are in possession of facts and knowledge obtained from a meaningful amount of document discovery and witness testimony"); *see also Hall v. Johnson & Johnson*, No. 18-1833, 2021 WL 2562384 at *2 (D.N.J. June 22, 2021) ("[c]ases typically find that contention interrogatories are premature where there has not been substantial discovery, and the Court has discretion to delay in the instant litigation because merit depositions and expert discovery are still to come"); *see also Nestle Foods Corp. v. Aetna Cas. And Sur. Co.*, 135 F.RD. 101, 110-11 (D.N.J. 1990) (finding that judicial economy and efficiency dictate that contention interrogatories are best utilized at the end of discovery). Local Civil Rule 33.1 also provides that "[c]ontention interrogatories shall not be served until 60 days prior to the close of fact discovery unless otherwise permitted by the Court." L. Civ. R. 33.1.

To the extent that Plaintiffs consulted with their expert to refine their responses to contention interrogatories and sought to meet and confer with Defendants as required by the Court,

the Court reasonably believed that Plaintiffs supplemented their responses "to the extent possible." The Court had no reason to believe that Plaintiffs were withholding non-privileged or non-protected information from Defendants to warrant enforcement of the July 21, 2022 Order. Defendants assert that if Plaintiffs truly responded to the full extent of their ability, they lacked a good faith basis to file suit in the first place. This assertion relates to the merits of Plaintiffs' claims, which is not before this Court. In this motion, Defendants argue that that the Court overlooked the enforcement of the July 21, 2022 Order. The Court did not.

Defendants also argue that failure to vacate Paragraph 9 of the August 25, 2022 Order will result in manifest injustice. Defs.' Br. at 11. They argue that "if Subaru's corporate designee(s) are not adequately prepared to answer questions specific to the topics in the 30(b)(6) notice, then the corporate entity has 'failed to comply with Rule 30(b)(6) and may be subject to sanctions.'" *Id.* at 9. The Court finds this argument unavailing. If Plaintiffs sought sanctions as suggested by Defendants, Defendants would be afforded the opportunity to substantially justify their actions. *See* Rule 37(a)(5).

In sum, although framed as a motion to reconsider, the Court finds Defendants' motion to be an attempt to get another bite at the apple. At the discovery dispute hearing conducted on August 24, 2022, the Court heard and considered the very arguments raised in this motion, and denied Defendants' motion to compel further responses to Interrogatory No. 20. Both the July 21, 2022 and the August 25, 2022 Orders allow for further responses to Interrogatory No. 20 toward the close of fact discovery, consistent with Local Civil Rule 33.1(d). To the extent the application to compel further responses to contention interrogatories was denied, the Court also denied Defendants' application to compel Plaintiffs to revise their Rule 30(b)(6) deposition notice. Defendants essentially now ask the Court to reevaluate the same facts and arguments considered

in reaching its original decisions.  However, it is well established that, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F. 2d 944, 953 (2d. Cir. 1964).

Defendants have not met their burden of establishing that the Court made a "clear error of law" with regard to Paragraphs 8 and 9 of the August 25, 2022 Order.  Nor have they demonstrated that a "manifest injustice" will result if their motion is denied.  For all the foregoing reasons, the Court will deny Defendants' motion with respect to Paragraphs 8 and 9 of the August 25, 2022 Order.

2.    **Paragraph 7 (Fact Witness Depositions)**

In a footnote, Defendants also request that the Court vacate Paragraph 7 of the August 25, 2022 Order, which permits the depositions of individual fact witnesses, Gray and Federer. Defs.' Br. at 12 n.4.  Defendants rely on "similar reasons" used to support their motion to vacate the provision allowing the Rule 30(b)(6) deposition to proceed. *Id.*  The crux of Defendants' argument challenging the depositions of the 30(b)(6) witnesses is Subaru's claims that the definition of "defect" in the deposition notice did not describe with reasonable particularity, the topics of examination.  However, as individual witnesses, the deposition notices for Gray and Federer do not require a description of the examination topics.  "The significant difference between individual fact witnesses and Rule 30(b)(6) witnesses ("corporate witnesses") is that the individual witnesses are acting in their individual capacity and corporate witnesses are acting in a corporate capacity as a representative of the entity." *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.* No. 18-11273, 2022 WL 2671198 at *5 (D.N.J. July 11, 2022). "A deposition pursuant to Rule 30(b)(6) is substantially different from a witness'[] deposition as an individual.  A 30(b)(6) witness testifies

as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Cap., LLC*, No. 01-2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) (citing 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, Federal Practice and Procedure § 2103 (2d ed. 1994).

Given that Gray and Federer are individual fact witnesses and not corporate designees, Defendants' argument here is misguided and without merit. Defendants have again failed to establish that the Court made a "clear error of law" or that a "manifest injustice" would result if the depositions of Gray and Federer were to proceed. For these reasons, the Court will deny Defendants' motion with respect to Paragraph 7 of the August 25, 2022 Order.

## III.   **CONCLUSION**

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **31st** day of **December**, **2022**, that Defendants' Motion for Reconsideration [ECF No. 152] is **DENIED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.

10